UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JEFFREY JOEL JUDY,<br>an individual,<br><br>       Plaintiff,<br>vs.<br><br>CRF-DADE CITY, LLC,<br>a Florida Limited Liability Company,<br><br>       Defendant. | CASE NO.: |

## COMPLAINT

Plaintiff, JEFFREY JOEL JUDY (hereinafter "Mr. Judy" or "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues CRF-DADE CITY, LLC, a Florida Limited Liability Company, for injunctive relief, attorney's fees and costs pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et seq., ("ADA"), and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff is a resident of the State of Florida in Lee County.

4. Plaintiff was injured in a motorcycle accident and is paralyzed from the waist down. Additionally, Plaintiff is a double leg amputee. Due to his injuries, Mr. Judy is a T8-T9 paraplegic and uses a wheelchair for his primary means of mobility.

1

5. Due to the disability, Plaintiff is substantially impaired in several major life activities including walking, standing and bending and requires a wheelchair for mobility.

6. Defendant CRF-DADE CITY, LLC, a Florida Limited Liability Company (hereinafter "Defendant"), is registered to do business in the State of Florida. Upon information and belief, Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: Morningside Plaza, generally located at 12530-12634 US Highway 301, Dade City, Florida 33525 (referred to herein as the "Property").[1] Defendant is responsible for complying with the ADA.

7. All events giving rise to this lawsuit occurred in the Middle District of Florida.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding Paragraphs as if they were expressly restated herein.

9. The Property, a shopping plaza, is open to the public and provides goods and services to the public.

10. Plaintiff has visited the Property several times over the past two years and attempted to utilize the goods and services offered at the Property.

11. However, while at the Property, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed herein.

12. Despite the accessibility issues, Plaintiff continues to desire to visit the Property, but fears that he will again encounter serious difficulty due to the barriers discussed herein. However, but for the architectural barriers, Plaintiff would visit the Property more often.

---

[1] This lawsuit is not intended to cover the portions of the plaza which contain the Wal-Mart store.

13. Plaintiff plans to and will visit the Property in the near future to utilize the goods and services offered thereon.

14. Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the architectural barriers to access discussed below, which were personally encountered and which hindered Plaintiff's access to the Property:

    A. Plaintiff encountered inaccessible parking designated for disabled use throughout the Property due to pavement in disrepair, faded striping and, in some instances, a lack of accessible signage to identify the spaces as exclusively for disabled use.  This made it inconvenient and difficult for Mr. Judy to locate and utilize the disabled use spaces.

    B. Plaintiff encountered inaccessible curb ramps throughout the Property near the Century Storage, Pizza Hut, Dollar Tree, the Discount Pharmacy due to excessive running slopes, side flare slopes and failure to provide a smoot transition.  This forced Mr. Judy to use extreme caution and subjected him to increased risk of a fall while maneuvering over these ramps.

    C. Plaintiff additionally observed that there were no nearby curb ramps to provide easy access to the Subway restaurant and other neighboring tenant spaces in that general vicinity at the Property.

15. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Independent of his intent to return as a patron of the Property, Plaintiff additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located at the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendant, and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned and operated by Defendant is in violation of the ADA;

B. That the Court enters an Order directing Defendant to alter its facility to make it accessible and useable by individuals with disabilities to the full extent required by the ADA;

C. That the Court enters an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures.

D. That the Court awards reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.  That the Court awards such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Boulevard, Ste. 209-A
Pembroke Pines, Florida 33029
Tel: (305) 891-1322
Fax: (305) 891-4512
louis@kumussman.com
brian@kumussman.com

By  /s/ Louis Mussman
Louis I. Mussman
(FL Bar #: 597155)
Brian T. Ku
(FL Bar # 610461)
Attorneys for Plaintiff